HON. ~~AMP~~HRODITUS RANSOM, CHIEF JUSTICE,
HON. CHARLES W. WHIPPLE, ⎫
HON. ALPHEUS FELCH,　　 ⎬ JUSTICES.
HON. DANIEL GOODWIN, ⎭

---

## PEOPLE *v.* MOORE.

A constable does not acquire authority to execute writs directed to the sheriff, in consequence of being in attendance upon a session of the circuit court in the discharge of his duties under R. S. 1838, p. 66, § 51.

A sheriff cannot constitute a deputy for a particular act, except by warrant in writing; and the arrest, on a bench warrant, of a person indicted, and under recognizance to appear, by one having only verbal authority from the sheriff, is illegal, and does not discharge the recognizance.*

CASE certified from St. Joseph Circuit Court. Moore was indicted for forgery at the March term, 1843, of the Circuit Court, and, being arrested and brought into court, plead not guilty to the indictment, and entered into a re-

---

* The several provisions of R. S. 1838, viz: § 51, p. 66, and §§ 44 and 47, p. 46, cited in this case, were re-enacted by R. S. 1846, § 84, p. 93, and §§ 73, 76, p. 74, and are now in force.

VOL. II.　　　　　　1

cognizance with one Harlan, as his surety, to appear at the next term of the court and abide the order thereof. On the first day of the next term, Moore not appearing, the prosecuting attorney caused a bench warrant for his arrest to be issued to the sheriff, who gave it to one of the constables in legal attendance upon the court, and directed him orally, to go to the residence of Moore, arrest him, and bring him forthwith before the court, according to the mandate of the process. The constable made the arrest in pursuance of the sheriff's instructions, but Moore subsequently escaped from his custody, and was not retaken. Whereupon, the prosecuting attorney moved for judgment against Moore, and Harlan, his surety, upon the recognizance, and the following questions arising upon this motion, were reserved for the opinion of this Court, viz:

1. Was the arrest of Moore by the constable, without a special deputation in writing from the sheriff, valid?

2. Was the recognizance discharged by such arrest?

*J. N. Chipman*, for the People.

*S. Clark and Chas. E. Stuart*, contra.

GOODWIN, J. delivered the opinion of the Court.

The first question is, was the arrest by the constable valid? The writ was directed to the sheriff, and on the face of it, was a mandate to him, to be executed by him, or those properly authorized to execute it. It is supposed that, by the provision of the Revised Statutes, (R. S. 1838, p. 66, § 51,) which requires constables to "attend the session of the circuit court of their county, when notified for that purpose by the sheriff," they may execute precepts of this nature issued by the court. No authority, however, is given them to execute precepts directed to the sheriff, and in the same section they are made "ministerial officers of justices of the peace." And, in the part of

the Revised Statutes of 1838 relative to sheriffs, it is expressly provided, in conformity to the general rule of law on this subject, "that the sheriff, and each of his deputies, shall serve or execute according to law, all writs, precepts and orders issued or made by lawful authority, and to him or them directed." R. S. 1838, p. 46, § 47. Constables, then, acquire no authority to execute writs directed to the sheriff, in consequence of being required to attend the court. Their province while attending the court is, to perform all those ministerial duties, within the precincts of the court, usually required of such officers. They may act in *aid* of the sheriff or his deputies, either within or beyond the precincts of the court, when required to do so. And he may authorize them, by warrant, to serve precepts to him directed; and in such cases they are *quoad hoc* his deputies.

From the case it appears that there was a verbal authority given by the sheriff to the constable to execute the writ. Was this sufficient? Section 44 of the statute relating to sheriffs, (R. S. 1838, p. 46,) contemplates a power in a sheriff to constitute a deputy for a particular act. It does not provide how such appointment shall be made, but leaves this to the general law: and by it, most certainly, the authority must be in writing. In 6 Bacon's Abr. 441, Title Sheriff, in treating of sheriffs and under-sheriffs, and the manner of their appointing bailiffs and other officers, it is laid down that, it being impossible for them to execute all writs and processes directed to the sheriffs themselves, "they are to make out warrants or precepts to their bailiffs and other officers, who are to execute the same; and for that purpose they are empowered to appoint a bailiff in each hundred, and may appoint a special bailiff, or particular person, to execute a writ, upon any certain occasion." In *Blatch* v. *Archer*, Cowp. 63, upon an arrest on a *ca. sa.* the point is directly made and conceded, that a verbal authority would be illegal, and

that it must be by warrant: the court, however, deciding in that case, upon the facts presented, that a warrant was sufficiently shown before the jury. And it is a general rule in regard to criminal arrests, that bailiffs and constables, if they be sworn, and commonly known as officers, while they need not *show* the parties to be apprehended their warrant, though demanded, yet, are required to acquaint them with the substance of it; and that private persons to whom a warrant may be directed, and even officers, if not sworn and commonly known as such, or acting out of their precinct, must show their warrant if demanded. 1 Chit. Cr. L. 51. Indeed, the whole doctrine in regard to those acting in aid of a sheriff or other officer upon his request, is incompatible with the idea of such verbal warrant to act in the place of the proper officer. To render an arrest by them legal and justifiable, the officer in whose aid they act, must be present or near, and acting in the arrest. 1 Chit. Cr. L. 49; 1 Cowp. 66; 13 Mass. R. 321. These remarks of course do not apply to the cases where, upon the commission of a felony or breach of the peace, a peace officer or private person may arrest without warrant. But in this case, the accused had been indicted, arrested, arraigned, and was at large on bail. The arrest then, by the constable, upon the writ directed to the sheriff, was invalid; and the first question proposed in the case must be answered in the negative. This answer disposes also of the point involved in the second, to wit: Was the recognizance discharged by the arrest?— for, the arrest being of no validity, it could have no effect upon the recognizance. The second question proposed must, then, be also answered in the negative.

It should, therefore, be certified to the circuit court for the county of St. Joseph, that it is the opinion of this court, that the arrest of the respondent Moore, upon the writ

mentioned in the case, without any deputation or authority in writing, was illegal, and the recognizance therein mentioned, was not thereby discharged.

*Certified accordingly.*